UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | Civil Action No. 5: 17-300-DCR |
| MICHAEL BURRELL, individually and d/b/a FLYING ARMADILLO SIGN COMPANY, | ) ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| V. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| WESTWARD HO, INC. d/b/a THE BOOT STORE, | ) ) ) | |
| Third-Party Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Third-Party Defendant Westward Ho, Inc. doing business as The Boot Store's ("The Boot Store") motion to dismiss the Third-Party Complaint filed by Defendant/Third-Party Plaintiff Michael Burrell, individually and doing business as Flying Armadillo Sign Company. [Record No. 31] The motion will be granted for the reasons that follow.

**I.**

Lex Di Inc. ("Lex DI") owned real property in Nicholasville, Kentucky, which it leased to The Boot Store for use as a retail operation. [Record No. 5, ¶ 6; Record No. 31-1, ¶¶ 1-2] The property was substantially damaged by a fire on August 8, 2015. [Record No. 5, ¶¶ 11-

12] State Automobile Mutual Insurance Company ("State Auto") insured the property and paid Lex DI $290,992.14, for the cost of repairs and the loss of rental income caused by the fire. [*Id.* ¶¶ 7, 13] State Auto then brought this negligence and breach of contract action, as subrogee of Lex DI, against Burrell. [*Id.* ¶¶ 14-26] State Auto alleges that the fire was caused by an exterior electric sign Burrell installed on the property, including electrical wiring and junction boxes which were not water-tight. [*Id.* ¶¶ 8-11]

Burrell subsequently filed a Third Party Complaint against The Boot Store, claiming that any damages to Lex DI's property were caused by The Boot Store's negligence and not his own. [Record No. 26, ¶ 3] Burrell alleges that The Boot Store "negligently and carelessly failed to maintain, repair, and/or monitor its electrical system so as to cause the fire which is the subject of this litigation." [*Id.*] He seeks "indemnity, contribution and/or apportionment" for any judgment rendered against him. [*Id.* at the ad damnum clause]

The Boot Store has moved to dismiss the Third Party Complaint for failure to state a claim under Ruele 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 31] The Boot Store contends that the Third Party Complaint fails to allege that it breached a duty owed to Burrell as required to state a negligence claim, or that it was actively negligent as required to state a common law claim for indemnity. [Record Nos. 31, 39] Burrell opposes the motion on the grounds that he has adequately stated a common law indemnity claim. [Record No. 36]

**II.**

A Rule 12(b)(6) motion requires the Court to determine whether the subject pleading (here, the Third Party Complaint) alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is

met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the Third Party Complaint need not contain "detailed factual allegations" to survive a motion to dismiss, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

In a diversity action, such as this one, the Court applies "the substantive law of the forum state and federal procedural law." *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014). Accordingly, the motion to dismiss will be evaluated under Kentucky substantive law and the Federal Rules of Civil Procedure.

### III.

The Boot Store construes the claim asserted in Burrell's Third Party Complaint as an attempted negligence claim. [Record No. 31, p. 3 ("[I]t is difficult to fully evaluate the nature of the claim. However, it appears that [Burrell] is attempting to assert a negligence claim against the Boot Store[.]").] It argues that this construed negligence allegation fails as a matter of law because Burrell has not asserted that The Boot Store breached any duty that it owed to him. [*See id.* at 3-6.]

Rule 14(a)(1) of the Federal Rules of Civil Procedure allows a defendant to serve a third-party complaint on a non-party "who is or may be liable to it for all or part of the claim against it." "Under Fed. R. Civ. P. 14(a), a third party complaint is permitted only when the

third party plaintiff is attempting to transfer liability for the plaintiff's claim against him." *Baker v. Pierce*, 812 F.2d 1406 (6th Cir. 1987). As one treatise explains,

> [a]n impleader claim is proper only to assert that the third-party defendant is liable *to the party impleading it (usually the defendant)*. Despite the clear language of the impleader rule on this point, some defendants continue to attempt to implead a third party on the basis of the third-party defendant's direct liability to the *plaintiff*. The courts properly reject such attempts and limit impleader to those third parties who are derivatively liable to the defendant.

3 James Wm. Moore et al., Moore's Fed. Practice, Civil § 14.04 (2007) (emphasis in original).

For a third-party claim to be properly before the Court, "[t]he third-party defendant's liability must be (1) owed to the impleading party; (2) based on the underlying claim against the impleading party; and (3) derivative of the impleading party's liability." *Gookin v. Altus Capital Partners*, 2006 WL 7132020, at *2 (E.D. Ky. Mar. 24, 2006). Accordingly, "if the third-party plaintiff claims that 'it was him, not me,' then impleader is inappropriate." *Id*. (quoting *Watergate Landmark Condo. Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)).

Here, Burrell's construed negligence claim does not allege that The Boot Store breached any duty that it owed to him. Instead, Burrell asserts that The Boot Store "negligently and carelessly failed to maintain, repair, and/or monitor its electrical system so as to cause the fire which is the subject of this litigation." [Record No. 26, ¶ 3] This is essentially a claim that "it was him, not me," *Gookin*, 2006 WL 7132020, at *2 (quotations omitted), and cannot be brought in a third party complaint under Rule 14(a)(1).

**IV.**

However, Burrell contends that whether he may assert a negligence claim against The Boot Store is ultimately "immaterial" because "[o]ne of Burrell's claims against The Boot

Store is a claim for indemnity." [Record No. 36, p. 3] The Boot Store contends in its reply that Burrell's indemnity claim fails to state a claim as a matter of law. [Record No. 39]

The Supreme Court of Kentucky has explained that "the right to indemnity is of common law origin and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000).[1] Parties are not in pari delicto, and indemnity is available, in "two classes of cases": (i) where an otherwise innocent principal is held liable for the acts of an agent, or (ii) where a passively negligent party is held liable for injuries that were caused by the active negligence of a more culpable tortfeasor. *Id.*

Burrell's indemnity claim does not fit into either class of cases. It does not fit into the first class because the plaintiff does not seek to hold Burrell liable as a result of an "agency or quasi agency relationship" with The Boot Store. *See York*, 353 S.W.3d at 354; *Hengel v. Buffalo Wild Wings, Inc.*, 5:11-cv-286, 2013 WL 3973167, at *2-3 (E.D. Ky. July 31, 2013). And it does not fit into the second class because Burrell was not exposed to liability for his passive negligence as a result of The Boot Store's active negligence. *See ISP Chemicals LLC v. Duchland, Inc.*, 771 F. Supp. 2d 747, 751 (W.D. Ky. 2011).

The oft-cited case of *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165, 167 (Ky. 1949), illustrates the second class of cases in which indemnity is appropriate. There, a pedestrian was injured by a manhole lid on the hotel's property that had been left unsecure by an employee of the fuel company. *Brown*, 224 S.W.2d at 166. The pedestrian obtained a

---

[1] The doctrine of *in pari delicto*, meaning "in equal fault," provides that "'when both parties are guilty, the court will leave them where it finds them.'" *York v. Petzl Am., Inc.*, 353 S.W.3d 349, 353 n.4 (Ky. Ct. App. 2010) (quoting *Forbes v. City of Ashland*, 55 S.W.2d 917, 919-20 (Ky. 1932)).

judgment against both the hotel and the fuel company, and the verdict specified that each should pay an equal part. *Id*. Thereafter, the hotel company pursued an action for indemnity against the fuel company, claiming that it was primarily liable because its employee failed to replace the manhole lid, directly resulting in the plaintiff's injuries. *Id*.

The Kentucky Supreme Court explained that, under the law of indemnity,

> [w]here one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection and remedying the hazard, the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.

*Id*. at 167. Applying this standard, the court concluded that "[t]he primary, efficient and direct cause of the accident was the positive antecedent negligence of the fuel company's employee in failing to replace the manhole lid securely. This exposed the hotel company to liability." *Id.* at 400. By contrast, the hotel company's negligence was only the "negative tort in failing to check upon the act of the [fuel company's employee] and in failing to observe its affirmative duty to the public to see that the way was free of obstruction or the pitfall." *Id.* Accordingly, the court found that the hotel company was exposed to liability for its passive negligence by the active negligence of the fuel company's employee, and indemnity was appropriate.

Here, the plaintiff claims that Burrell was actively negligent by installing electrical wiring and junction boxes that were not water-tight. [Record No. 5, ¶¶ 10-11, 15-19] Burrell's third party claim against The Boot Store alleges that it was passively negligent by failing to maintain, repair, and/or monitor its own electrical system. [Record No. 26, ¶ 3] This reverses the situation presented in *Brown*, where a passively negligent party sought indemnity from one who was actively negligent. In short, "[t]his is not a case where we have primary negligence

and secondary negligence. This is not an indemnity case." *ISP Chemicals, LLC*, 771 F. Supp. 2d at 751.

Instead, Burrell has alleged, at most, that "two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converge[d] to cause the plaintiff's damages." *Degener*, 27 S.W.3d at 778 (citing *Lexington Country Club v. Stevenson, Ky.*, 390 S.W.2d 137, 143 (Ky. 1965)). When that is the case, the parties are "in pari delicto," and "it is necessary to apportion a specific share of the total liability to each of them" because "the several liability of each joint tortfeasor with respect to the judgment is limited by the extent of his/her fault." *Id.* at 778-79. The Court finds that Burrell's allegations, if proved at trial, would warrant an apportionment instruction.

"Under Kentucky law, fault may only be apportioned among tortfeasors who have been a party to the litigation, or settling non-parties." *Kelly v. Arrick's Bottled Gas Serv., Inc.*, 14-cv-118, 2016 WL 4925787, at *8 (E.D. Ky. Sept. 14, 2016) (citing Ky. Rev. Stat. § 411.182; *Baker v. Webb*, 883 S.W.2d 898, 900 (Ky. Ct. App. 1994)). However, "contribution/apportionment is not an independent cause of action." *Id.* at *9. Accordingly, the Court will follow "the practice established by other federal courts applying Kentucky law," *id.*, which is to permit the third party plaintiff to preserve an apportionment instruction by "bring[ing] the alleged wrongdoer into the case by a third party complaint only to then have it dismissed." *Compton v. City of Harrodsburg*, Civil No. 5:12-CV-302, 2013 WL 5503195, *5 (E.D. Ky. Oct. 2, 2013) (quotations omitted).

The Court will not agree give an apportionment instruction at this time. Instead, "[a]n apportionment instruction will only be given if [Burrell] set[s] forth evidence at trial on which a reasonable juror could find [The Boot Store] at fault." *Id.* at *6. Apportionment will not

make The Boot Store liable for any part of any judgment rendered against Burrell, but is merely a jury instruction "that, if [Burrell is] not found to be completely at fault, will decrease the amount of the judgment [he has] to pay." *Id.* (citing Ky. Rev. Stat. § 411.182).

V.

For the foregoing reasons, it is hereby

**ORDERED** that The Boot Store's motion to dismiss the Third-Party Complaint filed by Defendant/Third-Party Plaintiff Michael Burrell, individually and doing business as Flying Armadillo Sign Company [Record No. 31] is **GRANTED**.

This 1st day of May, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge